IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH DAVIS, | : | Case No. 05-583-JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | TRIAL BY JURY OF TWELVE DEMANDED |
| STEVEN A. BISHOP, 98919 DEWEY BEACH POLICE DEPARTMENT, SAM MACKERT, CHIEF OF POLICE, DEWEY BEACH, AND THE TOWN OF DEWEY BEACH, | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS, DEWEY BEACH POLICE DEPARTMENT, SAM MACKERT, Chief of Police, and TOWN OF DEWEY BEACH TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants submit this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff's Complaint.

### STATEMENT OF FACTS

1.  Plaintiff filed a Complaint alleging civil rights violations under 42 U.S.C. §1983 against Defendants, Steven A. Bishop, Dewey Beach Police Department, Sam Mackert, Chief of Police, and Town of Dewey Beach on August 10, 2005.  D.I. #2.

2.  Plaintiff's Complaint alleges that on May 15, 2005, he was involved in a traffic stop by Patrolman Bishop in Dewey Beach, Delaware, that Patrolman Bishop "flung" him off the hood of his car, and forcibly handcuffed and manhandled him into the patrol car before placing him under arrest. Id. ¶IV.  Plaintiff alleges that he was denied the right to go to the bathroom and urinated on himself.  Id.  He alleges that Patrolman Bishop failed to search a pants pocket

containing a lighter which "later became a cause of endangerment" to plaintiff while in custody. Id. Lastly, he alleges that the Dewey Beach Police Department, the Police Chief and the Town of Dewey Beach were… "responsible for hiring and supporting such gross incompetance [sic], unproffessional [sic] violence". Id. A copy of plaintiff's Complaint is attached hereto as Exhibit "A".

3.      As set forth in the Initial Crime Report, attached hereto as Exhibit "B", completed by Patrolman Steven Bishop in conjunction with the incident, plaintiff was observed by Patrolman Bishop driving northbound on Route 1 near the intersection of St. Louis Street in Dewey Beach down the center lane of the roadway half in the left lane and half in the right lane on May 15, 2005 at approximately 1:05 a.m. Officer Bishop activated his emergency equipment including siren to gain plaintiff's attention, but plaintiff continued onto Josephine Avenue and then backed up into someone's driveway. Officer Bishop got out of his vehicle and banged on the hood of plaintiff's car numerous times and told him to stop his vehicle and get out of it. Plaintiff stopped the vehicle at which time Officer Bishop observed that the ignition on plaintiff's car had been popped. When plaintiff exited the vehicle, he was handcuffed for Officer Bishop's safety. Plaintiff told Officer Bishop that he had been coming from the Starboard bar in Dewey Beach, but denied that he was drinking. Officer Bishop detected a strong odor of alcohol while speaking with plaintiff to obtain his license, registration and proof of insurance. Plaintiff was unable to produce his registration or insurance cards.

4.      Office Bishop uncuffed plaintiff and administered field sobriety tests. Plaintiff failed the number and alphabet tests and did not perform the one leg standing test, instead sitting himself on the left side of the officer's cruiser hood. Despite being told to get off the hood, plaintiff refused and after being advised again to get off the hood, Officer Bishop removed plaintiff from

the hood at which time plaintiff began to wrestle with Officer Bishop, causing his flashlight to go flying and his right pant leg to be torn. Officer Bishop called for back-up and two (2) officers arrived to help Officer Bishop handcuff plaintiff. Plaintiff was advised that he was under arrest. Officer Bishop placed plaintiff in the back seat of the squad car and he was seatbelted. However, plaintiff got out of the seat belt two times and after being seatbelted a third time, plaintiff kicked out the rear window of the police car.

5.     Officer Bishop and another officer transported plaintiff to Beebe Medical Center to have blood drawn, but when they arrived, they had to call Lewes Police Department for assistance to get plaintiff into the hospital. While the officers were transporting plaintiff into the hospital, plaintiff bit another officer on the shoulder. Eventually, blood was drawn by a nurse.

6.     Officer Bishop noticed that plaintiff had urinated in his pants at the hospital and when Officer Bishop checked the rear seat of his police car, he realized that plaintiff had also urinated in the rear of the squad car. Officer Bishop and another police officer transported plaintiff to the Dewey Beach Police Department, where plaintiff told Officer Bishop that he was going to kill him. At approximately 3:17 a.m., Officer Bishop smelled smoke, checked the cell and found plaintiff to be in possession of a blue lighter and a burned matchbook. He also found that plaintiff had burned the bench in the holding cell. Plaintiff also took his watch apart to try to open one of the cell windows. Officer Bishop logged the matchbook and blue lighter as evidence and then completed paperwork necessary to process plaintiff for the criminal charges against him.[1]

7.     A claim must be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient

---

[1] Plaintiff was found guilty of charges brought against him. A copy of the Superior Court Sentence Order is attached hereto as Exhibit "C".

facts assisting a legal claim.  See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).  Further, the Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests."  United States v. City of Philadelphia, 644 F.2d 187, 204 (3rd Cir. 1980), citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

8.   A municipality may only be sued under 42 U.S.C. §1983 for acts implementing an official policy, practice or custom.  Monell v. Department of Social Service, 436 U.S. 658, 690-91 (1978).  The Monell Court made it clear that there can be no §1983 liability under a respondeat superior theory.  Id. at 694.  See also Montgomery v. DeSimone, 159 F. 3d 120, 126 (3d Cir. 1998); Sample v. Diecks, 885 F. 2d 1099 (3d Cir. 1989).

9.   In order to be liable in a civil rights action, a defendant must have personal involvement in the alleged wrongs.  Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988) (citations omitted).  "Personal involvement" may be demonstrated through "allegations of personal direction or of actual knowledge and acquiescence."  These allegations, however, must be made with appropriate particularity.  Id.

10.   In paragraph IV of his Complaint, plaintiff alleges that the Dewey Beach Police Department, the Police Chief and the Town of Dewey Beach are responsible for hiring and supporting gross incompetence and unprofessional violence.  This allegation fails to aver the existence of a challenged policy or custom, attributable to moving defendants, the execution of which caused plaintiff to suffer injuries.  Plaintiff fails to set forth any specific allegations of personal involvement in the alleged violation of plaintiff's civil rights by moving defendants.

11.   Plaintiff's Complaint appears to allege that defendants, Dewey Beach Police Department, Police Chief Sam Mackert, and Town of Dewey Beach, are liable because they "hired"

Patrolman Bishop. However, as stated above, there can be no §1983 liability under a theory of <u>respondeat superior</u>, and moving defendants should be dismissed from this litigation on that basis.

12.  Plaintiff's allegation that moving defendants are responsible for supporting gross incompetence and unprofessional violence does not allege with appropriate particularity as required the existence of a policy or custom demonstrating deliberate indifference to plaintiff's civil rights. Plaintiff's allegation of support for gross incompetence and unprofessional violence simply does not state a claim upon which relief can be granted against moving defendants.[2]

WHEREFORE, defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, and Town of Dewey Beach, respectfully move this Honorable Court to dismiss plaintiff's Complaint against them with prejudice.

> MARSHALL, DENNEHEY, WARNER
> COLEMAN AND GOGGIN
>
> BY:   */s/ Kevin J. Connors*
> KEVIN  J.  CONNORS, ESQUIRE
> Attorney I.D. No.  2135
> 1220 Market Street – 5th Floor
> Wilmington, DE  19801
> Telephone:  302-552-4302 Fax:  302-651-7905
> Attorney for Defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, and Town of Dewey Beach

Dated: March 28, 2006

\15_A\LIAB\KJCONNORS\LLPG\343138\VLLUCAS\13061\00439

---

[2]  To the extent that plaintiff's Complaint purports to or can be construed to alleged liability against Samuel Mackert, Chief of Police, in his official capacity, such claim is barred because Chief Mackert is not a "person" within the meaning of §1983. <u>Wiers v. Barnes</u>, 925 F. Supp. 1079, 1090 (D. Del. 1996) citing <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 64 (1989).