IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER JOSEPH DAVIS, | : | Case No. 05-583-JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | TRIAL BY JURY OF TWELVE DEMANDED |
| STEVEN A. BISHOP (98919), DEWEY BEACH POLICE DEPARTMENT, SAM MACKERT, CHIEF OF POLICE, DEWEY BEACH, AND THE TOWN OF DEWEY BEACH, | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT, STEVEN A. BISHOP (98919), TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Steven A. Bishop (98919), submits this Memorandum of Points and Authorities in support of his Motion to Dismiss Plaintiff's Complaint.

**STATEMENT OF FACTS**

1.  Plaintiff filed a Complaint alleging civil rights violations under 42 U.S.C. §1983 against Defendants, Steven A. Bishop, Dewey Beach Police Department, Sam Mackert, Chief of Police, and Town of Dewey Beach on August 10, 2005. D.I. #2.

2.  Plaintiff's Complaint alleges that on May 15, 2005, he was involved in a traffic stop by Patrolman Bishop in Dewey Beach, Delaware, that Patrolman Bishop "flung" him off the hood of his car, and forcibly handcuffed and manhandled him into the patrol car before placing him under arrest. Id. ¶IV. Plaintiff alleges that he was denied the right to go to the bathroom and urinated on himself. Id. He alleges that Patrolman Bishop failed to search a pants pocket containing a lighter which "later became a cause of endangerment" to plaintiff while in custody.

Id.  Lastly, he alleges that the Dewey Beach Police Department, the Police Chief and the Town of Dewey Beach were… "responsible for hiring and supporting such gross incompetence [sic], unproffessional [sic] violence".  Id. A copy of plaintiff's Complaint is attached hereto as Exhibit "A".

3.      As set forth in the Initial Crime Report, attached hereto as Exhibit "B", completed by Patrolman Steven Bishop in conjunction with the incident, plaintiff was observed by Patrolman Bishop driving northbound on Route 1 near the intersection of St. Louis Street in Dewey Beach down the center lane of the roadway half in the left lane and half in the right lane on May 15, 2005 at approximately 1:05 a.m.  Officer Bishop activated his emergency equipment including siren to gain plaintiff's attention, but plaintiff continued onto Josephine Avenue and then backed up into someone's driveway.  Officer Bishop got out of his vehicle and banged on the hood of plaintiff's car numerous times and told him to stop his vehicle and get out of it.  Plaintiff stopped the vehicle at which time Officer Bishop observed that the ignition on plaintiff's car had been popped.  When plaintiff exited the vehicle, he was handcuffed for Officer Bishop's safety.  Plaintiff told Officer Bishop that he had been coming from the Starboard bar in Dewey Beach, but denied that he was drinking.  Officer Bishop detected a strong odor of alcohol while speaking with plaintiff to obtain his license, registration and proof of insurance.  Plaintiff was unable to produce his registration or insurance cards.

4.      Officer Bishop uncuffed plaintiff and administered field sobriety tests.  Plaintiff failed the number and alphabet tests and did not perform the one leg standing test, instead sitting himself on the left side of the officer's cruiser hood.  Despite being told to get off the hood, plaintiff refused and after being advised again to get off the hood, Officer Bishop removed plaintiff from the hood at which time plaintiff began to wrestle with Officer Bishop, causing Officer Bishop's

flashlight to go flying and his right pant leg to be torn. Officer Bishop called for back-up and two (2) officers arrived to help him handcuff plaintiff. Plaintiff was advised that he was under arrest. Officer Bishop placed plaintiff in the back seat of the squad car and he was seatbelted. However, plaintiff got out of the seat belt two times and after being seatbelted a third time, plaintiff kicked out the rear window of the police car.

5. Officer Bishop and another officer transported plaintiff to Beebe Medical Center to have blood drawn, but when they arrived, they had to call Lewes Police Department for assistance to get plaintiff into the hospital. While the officers were transporting plaintiff into the hospital, plaintiff bit another officer on the shoulder. Eventually, blood was drawn from the plaintiff by a nurse.

6. Officer Bishop noticed that plaintiff had urinated in his pants at the hospital and when Officer Bishop checked the rear seat of his police car, he realized that plaintiff had also urinated in the rear of the squad car. Officer Bishop and another police officer transported plaintiff to the Dewey Beach Police Department, where plaintiff told Officer Bishop that he was going to kill him. At approximately 3:17 a.m., Officer Bishop smelled smoke, checked the cell and found plaintiff to be in possession of a blue lighter and a burned matchbook. He also found that plaintiff had burned the bench in the holding cell. Plaintiff also took his watch apart to try to open one of the cell windows. Officer Bishop logged the matchbook and blue lighter as evidence and then completed paperwork necessary to process plaintiff for the criminal charges against him.[1]

7. A claim must be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient

---

[1] Plaintiff was found guilty of charges brought against him. A copy of the Superior Court Sentence Order is attached hereto as Exhibit "C".

facts assisting a legal claim. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Further, the Complaint "must provide the defendants with fair notice of what plaintiff's claim is and the grounds upon which it rests." United States v. City of Philadelphia, 644 F.2d 187, 204 (3rd Cir. 1980), citing Conley v. Gibson, 355 U.S. 41, 47 (1957).

8. A peace officer's right to arrest or make an investigatory stop is accompanied by the right to use some degree of physical coercion or the threat of it. See Terry v. Ohio, 392 U.S. 1, 22-27 (1968). In Graham v. Connor, 490 U.S. 386 (1989), the United States Supreme Court held that claims against law enforcement officers for use of excessive under §1983 are analyzed under the Fourth Amendment's objective reasonableness standard. The test is whether the officer's actions in using force alleged to be excessive are objectionably reasonable in light of the facts and circumstances confronting the officer without regard to the officer's underlying intent or motivation. Id. at 395-97. Reasonableness is determined from the perspective of a reasonable officer on the scene, not 20/20 hindsight. Moreover, the concept of reasonableness acknowledges that police are forced to make split second judgments about the amount of force necessary in circumstances that are tense, uncertain and rapidly evolving. Id. Included in the facts and circumstances to be reviewed is whether a suspect is actively resisting arrest. Id. "If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than was in fact was needed." Saucier v. Katz, 533 U. S. 194, 205 (2001). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396. The reasonableness of a particular use of force requires deference to the judgment of reasonable officers on the scene. Id.

9. Qualified immunity immunizes the officer from suit in his individual capacity because

his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". <u>Harlow v. Fitzgerald</u> 457 U.S. 800, 818 (1982). A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would know that what he is doing violates that right. <u>Saucier v. Katz</u> 533 U. S. 194 (2001); <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). If no reasonably competent official could conclude on an objective basis that an officer's actions were lawful, then a defendant is not immune from suit. However, if reasonable competent officials could disagree on the issue, then immunity must be recognized. <u>In re City of Philadelphia Litig.</u>, 49 F. 3d 945, 961-62 (3d Cir. 1995). If officials of reasonable competence could disagree about whether an officer used excessive force, then qualified immunity attaches. <u>See</u> <u>Samuels v. Hall</u>, 2004 U.S. Dist. Lexis 14956 (D. Del.) (Mem. Op.) (emphasizing that four (4) arresting detectives agreed that a defendant's use of force was appropriate under the circumstances) (Attached as Exhibit "D".) Moreover, if an officer made a reasonable mistake, he or she is still entitled to qualified immunity. <u>Saucier</u>, 533 U.S. at 205.

> "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense. <u>Id</u>. Qualified immunity in this case, then protects officers from the sometimes "hazy border between excessive and acceptable force." <u>Priester v. Riviera Beach,</u> 208 F. 3d 919, 926-27 (CA 11 2000)."

10.   To the extent the plaintiff purports to allege a right to be free from excessive force, the officers are entitled to qualified immunity. "[P]laintiff bears the <u>initial</u> <u>burden</u> of showing that the defendant's conduct violated some clearly established statutory or constitutional right."

Donahue v. Gavin, 280 F. 3d 371, 378 (3d Cir. 2002) quoting Sherwood v. Mulvihill, 113 F. 3d 396, 399 (3d Cir. 1997).

11. Based upon the facts set forth in detail in Paragraphs 1 through 6 above, reasonably competent officials could objectively conclude that Officer Steven A. Bishop's use of force was lawful.

WHEREFORE, defendant, Steven A. Bishop (98919), respectfully moves this Honorable Court to dismiss plaintiff's Complaint against him with prejudice.

MARSHALL, DENNEHEY, WARNER
COLEMAN AND GOGGIN

BY:  */s/ Kevin J. Connors*
KEVIN J. CONNORS, ESQUIRE
Attorney I.D. No. 2135
1220 Market Street – 5th Floor
Wilmington, DE 19801
Telephone: 302-552-4302 Fax: 302-651-7905
Attorney for Defendants, Steven Bishop (98919), Dewey Beach Police Department, Sam Mackert, Chief of Police, and Town of Dewey Beach

Dated: May 5, 2006

\15_A\LIAB\ESTHOMPSON\LLPG\350536\ESTHOMPSON\13061\00439