CASE # 05-583-JJF
6/2/6

Plaintiff's response to defendants, Dewey Beach Police Department, Sam Mackert, chief of Police and Town of Dewey Beach, to dismiss plaintiffs complaint (Dated March 28, 2006):

1) Plaintiff holds Officer Bishop personally responsible for his actions. Mr. Conners has filed another motion to dismiss reguarding his individual circumstance. I reserve the right to reply to his individual motion in a seperate document and accordingly will only address the issues pertaining to the motion involving Mr. Mackert, The Dewey Beach Police Department and the Town of Dewey Beach.

2) It is not my intention to attempt to hold any of these defendants responsible under "respondeat superior theory." I greatly appreciate being afforded an opportunity to specify my allegations and have every intention to expand upon these allegations when the court orders the defendants to comply with my motion for discovery.

3) I hold Officer Mackert responsible in his individual capacity as the supervising officer overseeing officer Bishop. The court has deemed that "Supervision entails, among other things, training, detaining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards and responding to unacceptable performance whether through individualized discipline or further rule making." Sample V. Diecks, 885 F.2d

FILED JUN 12 2006 RD scanned U.S. DISTRICT COURT DISTRICT OF DELAWARE

1099 (3d Cir. 1989). Mr. Mackert was the supervisor responsible for Mr. Bishop and I contend that there will be evidentiary support of his negligence in duty when the court grants a reasonable opportunity for further investigation and discovery. Furthermore, I intend to show that Mr. Mackert, acting as Officer Bishop's supervisor, did create an atmosphere of indifference in reguards to such civil liberties violations. Mr. Mackert in his position as Chief of Police was imposed upon a duty to take steps to cite and correct behaviors by policy, training and reprimand. His failure to take the appropriate steps has in effect caused the deprivation of certain civil rights provided for by the constitution to myself and the public at large.

4) Mr. Mackert, The Dewey Beach Police Department, and the Town of Dewey Beach should have been well aware that there existed some gross inadequacy in their training procedures for police officers. The sheer number of complaints and civil suits alleging the use of excessive force and other similar civil liberties violations each year is a matter of public record. That the policy-makers would be witness to the constant onslaught of complaints and fail to recognize and act upon the inadequacies so obvious by circumstance amounts to deliberate indifference and a conscious choice by said policy-makers such that one could call it a

train may be proper where it can be shown that policy makers were aware of and acquiesced in, a pattern of constitutional violations involving the exercise of police discretion. In such cases, the need for training may not be obvious from the outset, but a pattern of constitutional violations could put the municipality on notice that its officers confront the particular situation on a regular basis, and that they often react in a manner contrary to constitutional requirements." (Justice Brennon; City of Canton Ohio v Harris 109 S. Ct. 1197 (1989) @ 1209.)

The Municipality should be held liable because it has had excessive notice of prior misbehaviors by its officers and failed to take remedial steps amounting to deliberate indifference to the offensive acts.

The Municipality should be held liable because "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can be reasonably said to have been deliberately indifferent to the need." (Quoting: Colburn v Upper Darby TP 946 F.2d 1017; 3rd 1991).

Thank you for your consideration,

Christopher Davis
225275

Case 1:05-cv-00583-JJF    Document 22    Filed 06/12/2006    Page 4 of 5

## CERTIFICATE OF SERVICE

I, Christopher Davis, hereby certify that I have served a true and correct copy of the attached Reply to Motion to Dismiss upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|---|---|---|
| Kevin J. Connors | 1220 Market St 5th floor | Wilm, DE 19801 |

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This 7th day of June, 2006

Christopher Davis
I/M: 225025   BLDG: 662-0
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

U.S. POSTAGE $00.39 JUN 09 06
PB 2230370
19947

U.S.M.S.
F.T.R.

District Court
Lock Box 18
King Street
Wilmington DE
19801