IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER JOSEPH DAVIS,      )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civ. No. 05-583-JJF
                               )
STEVEN A. BISHOP, et al.,      )
                               )
          Defendants.          )

**MEMORANDUM ORDER**

**I.  BACKGROUND**

Plaintiff Christopher Joseph Davis, an inmate at the Sussex
Correctional Institution, filed this suit pursuant to 42 U.S.C. §
1983 alleging that during a traffic stop he was the victim of
excessive force by Steven A. Bishop ("Bishop"), a patrolman with
the Dewey Beach Police Department.  He also alleges that Bishop
refused to allow him to use the bathroom, and failed to search
his pockets which caused "endangerment" to Plaintiff while he was
held in protective custody.  Plaintiff alleges that the Dewey
Beach Police Department, its chief of police, and the Town of
Dewey Beach are "responsible for hiring and supporting such gross
incompetence, unprofessional violence".  (D.I. 2 at 3.)

Now before the Court is a motion filed by Plaintiff
requesting issuance of an order for the City to refrain from
slandering Plaintiff in the press.  (D.I. 21.)  In essence,
Plaintiff seeks injunctive relief.  He also moves to amend his
complaint to "include slander in [his] allegations of civil

liberty violation". Id.

## II.  ANALYSIS

### A.  Injunctive Relief

Plaintiff asserts that the Town of Dewey Beach is using the press to release false information and to slander his character. He contends that a newspaper article in the Cape Gazette contained false information when it stated that at the time of his arrest, Plaintiff was in possession of a billy club and brass knuckles.  Plaintiff asserts that the only weapon he was charged with possessing was a 13" nail puller he was using as a key to start his car.  Plaintiff further contends that the city falsely released information that he bit a police officer.  Plaintiff asks the court to issue an order for the city to refrain from slandering him in the press and also to take appropriate steps to correct the misinformation.

When considering a motion for a temporary restraining order or preliminary injunction, Plaintiff must demonstrate that he is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and(4) granting the injunction is in the public interest.  Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," Continental Group, Inc. v. Amoco

-2-

Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday
Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d
Cir.1969)). "The relevant inquiry is whether the movant is in
danger of suffering irreparable harm at the time the preliminary
injunction is to be issued." SI Handling Sys., Inc. v. Heisley,
753 F.2d 1244, 1264 (3d Cir. 1985).

    Here, Plaintiff has not made a showing of immediate harm nor
has he demonstrated irreparable harm.  Further, Plaintiff has not
demonstrated the likelihood of success on the merits.  Indeed, a
police report filed with the Court substantiates the information
contained in the newspaper article.  (D.I. 18, Ex. B.)

    Plaintiff has failed to meet the requisites for injunctive
relief.  Hence, his motion for injunctive is denied.

    **B.    Amendment**

    Plaintiff also moves to amend his complaint to include
slander in his allegations of a civil liberty violation.  "After
amending once or after an answer has been filed, the plaintiff
may amend only with leave of the court or the written consent of
the opposing party, but 'leave shall be freely given when justice
so requires.'"  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)
(quoting Fed. R. Civ. P. 15(a)).  The Third Circuit has adopted a
liberal approach to the amendment of pleadings to ensure that "a
particular claim will be decided on the merits rather than on
technicalities."  Dole v. Arco Chemical Co., 921 F.2d 484, 486-87

-3-

(3d Cir. 1990) (citations omitted).

Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D.Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); See also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

Slander is not cognizable under 42 U.S.C. § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 332 (1986) (quoting Paul v. Davis, 424 U.S. 693, 701 (1976)) ("We have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may

-4-

already be administered by the States.'"   See also Hernandez v. Hunt, Civ.A. No. 89-4448, 1989 WL 66634 (E.D.Pa. Jun 16, 1989).

Plaintiff proposes to amend his complaint to add a claim that is not cognizable under § 1983.  Such a claim is frivolous, under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Therefore, Plaintiff's motion to amend the complaint is denied.

## III. CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 26 day of June, 2006, that:

1.   The Motion for Injunctive Relief (D.I. 21) is **DENIED**.

2.   The Motion to Amend (D.I. 21) is **DENIED**.

UNITED STATES DISTRICT JUDGE