# IN THE UNITED STATES DISTRICT COURT

# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER JOSEPH DAVIS, | : |
| | : C. A. No. 05-583-JJF |
| Plaintiff, | : |
| | : |
| v. | : TRIAL BY JURY DEMANDED |
| | : |
| STEVEN A. BISHOP (98919), | : |
| DEWEY BEACH POLICE | : |
| DEPARTMENT, SAM MACKERT, | : |
| CHIEF OF POLICE, DEWEY BEACH, | : |
| AND THE TOWN OF DEWEY BEACH, | : |
| | : |
| Defendants. | : |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANTS, DEWEY BEACH POLICE DEPARTMENT, SAM MACKERT, CHIEF OF POLICE, DEWEY BEACH AND TOWN OF DEWEY BEACH, TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, Dewey Beach ("Chief Mackert") and Town of Dewey Beach, through their undersigned counsel, hereby submit this Reply to plaintiff's Response (D. I. 22) to Motion of Defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, Dewey Beach and Town of Dewey Beach, to Dismiss Plaintiff's Complaint (D. I. 14) and, in support thereof, aver as follows:

1. In plaintiff's Response to the Motion of Defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, Dewey Beach and Town of Dewey Beach, to Dismiss, a copy of which is attached as Exhibit "1", he argued that The Dewey Beach Police Department and the Town of Dewey Beach are liable because they "had excessive notice of prior misbehaviors by its officers and failed to take remedial steps amounting to deliberate indifference to the offensive acts."  See  D. I. 14, Exhibit "1" at 3.

2. Governmental entities and their employees are immune from liability pursuant to the Tort Claims Act. 10 Del. C. § 4011. Local governmental entities remain immune even if their employee's conduct is willful and wanton. Schueler v. Martin, 674 A. 2d 882 (Del. Super. Ct. 1996). A governmental entity shall not be liable for any damage claim which results from:

(3) the performance or failure to exercise a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.

10 Del. C. § 4011(b)(3).

Governmental entities may only be exposed to liability in the following instances: (1) ownership, maintenance or use of any motor vehicle…; (2) In the construction, operation or maintenance of any public building…; and (3) In the sudden accidental discharge, release or escape of smoke, vapors… 10 Del. C. § 4012. None of these instances apply to this case. Therefore, plaintiff's claims against Chief Mackert, The Town of Dewey Beach and the Dewey Beach Police Department should be dismissed. See Collins v. Figueira, 2006 Del. Super. LEXIS 266 (§ 1983 claims against the Dewey Beach Police Department for failure to supervise its patrolmen were dismissed pursuant to the Tort Claims Act.) (Attached as Exhibit "2").

3. Chief Mackert acts in his official capacity as Chief of Police on behalf of the Dewey Beach Police Department in discharging his official duties. As such, Chief Mackert, is afforded immunity pursuant to the Tort Claims Act. Therefore, plaintiff's claims against Chief Mackert should be dismissed.

4. A municipality may be sued under 42 U.S.C. §1983 only for acts implementing an official policy, practice or custom. Monell v. Department of Social Service, 436 U.S. 658, 690-91 (1978). The Monell Court made clear that there can be no §1983 liability under a respondeat superior theory. Id. at 694. See also Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). To establish municipal liability under §1983, a plaintiff must 1) identify the challenged policy or custom, 2) attribute it to the municipality, and 3) show a casual connection between the execution of that policy and the injuries suffered. Kranson v. Valley Crest Nursing Home, 755 F.2d 46,51 (3d Cir. 1985). A policy or custom must first be identified. In City of Oklahoma City v. Tuttle, 105 S. Ct. 2427, 2436 (1985), Chief Justice Rehnquist, speaking for the plurality, stated that a policy or custom is a "course of action consciously chosen from among variable alternatives." The Third Circuit has ruled:

> A government policy or custom can be established in two ways. Policy is made when a "decision maker possessing final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990); see also Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). After a policy or custom has been identified, it must be attributed to the municipality. Plaintiff must provide "considerably more proof than a single incident." Tuttle, 105 S. Ct. at 2436. In Losch v. Borough of Parkesburg, 736 F.2d 903 (3d Cir. 1984), the Court held that:

> [a] policy cannot ordinarily be inferred from a single instance of illegality such as a first arrest without probable cause… In this case …there is no regulation or evidence of repeated action by [the Police Chief} with regard to the filing of charges that can transmute his actions in the Losch incident into a general Borough policy

Id. at 911. In Bingham v. City of Pittsburgh, 658 F. Supp. 655 (W.D.Pa. 1987), the Court held that: "More than a single episode of police misconduct is required to trigger an inference of a

policy." Id. at 658. The Court noted that the plaintiff had "failed to produce any evidence of prior improper police procedure" and held that "[s]hort of production of such evidence, it cannot be inferred that there was a policy which either encouraged or condoned improper acts carried out by police officers". Id. at 659.

> [A]bsent a concrete official policy, like the policy in Monell, an inference of the existence of a policy can only be drawn from a well-established pattern . An isolated episode of a police officer using excessive force will not be sufficient to prove a pattern. Supreme Court precedent, and the case law that has applied that precedent, demonstrate that more is required .

Id. at 660.

5. Plaintiff argues that a number of complaints of excessive force and civil suits exist alleging the use of excessive force and other similar violations of civil liberties against Chief Mackert, Dewey Beach Police Department and the Town of Dewey Beach. However, plaintiff cites to none of these. He even argues that these complaints are a matter of public record, but yet still does not cite to any of these. Plaintiff's statement is a vague, speculative conclusion.

6. Plaintiff has failed to identify any policy or custom that caused any injury to him. In addition, he has failed to allege a causal link between any municipality action and the deprivation of any federal rights. Plaintiff's statement that "a pattern of constitutional violations **could** put the municipality on notice" and "the policy-makers **would** be witness to the constant onslaught of complaints" are vague, speculative statements and do not indicate any policy or custom on the part of the Town of Dewey Beach or the Dewey Beach Police Department. Plaintiff's statements are conclusory and fail to establish a custom or policy that allegedly caused him to suffer a violation of his constitutional rights. See Collins, supra, Exhibit 2.

7. Plaintiff must establish a causal link between the official conduct and the alleged

deprivation of a constitutional right.  Gunzl v. Spayd, 1995 Del. Super. LEXIS 100 (Attached as Exhibit "3").  A supervisor can only be held liable if "he was the moving force behind the constitutional violation" or "exhibited deliberate indifference to the plight of the person deprived."  Collins, 2006 Del. Super. LEXIS at 9 (citing Alley v. Taylor, 2001 WL 337245 at 3 (Del. Super. Ct. ).  "[F]ailure to train, discipline or control can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate."  Montgomery, 159 F.3d 120 at 127.

8. Plaintiff's allegations against Chief Mackert are conclusory and do not establish a causal link between the official conduct and the alleged deprivation of a constitutional right.  Plaintiff "contends that there will be evidentiary support of [Chief Mackert's] negligence in duty when the court grants a reasonable opportunity for further investigation and discovery."  See Exhibit "1" at ¶ 3.  However, just as in Montgomery, plaintiff has failed to allege any action or inaction on the part of Chief Mackert, the Dewey Beach Police Department or the Town of Dewey Beach that could be interpreted as encouraging the police officer's actions.

9. Finally, defendant, Steven A. Bishop, a Dewey Beach police officer, filed a Motion to Dismiss Plaintiff's Complaint (D. I. 18) on May 5, 2006.  Plaintiff has not filed a Response to that Motion.  Thus, it is respectfully submitted that plaintiff's Complaint against defendant, Steven Bishop, should be dismissed.

WHEREFORE, Defendants, Dewey Beach Police Department, Sam Mackert, Chief of Police, Dewey Beach, Town of Dewey Beach and Steven Bishop, respectfully move this Honorable Court to dismiss all claims against them.

        **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

**By:**   /s/ Kevin J. Connors
       **KEVIN J. CONNORS, Esquire (I.D. #2135)**
       **1220 N. Market Street, 5th Floor**
       **P.O. Box 8888**
       **Wilmington, DE 19899**
       **(302) 552-4302**
       **Attorney for Defendants**

DATED: July 26, 2005
\15_A\LIAB\ESTHOMPSON\LLPG\365386\ESTHOMPSON\13061\00439